IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | |
|---|---|
| Private Solutions, Inc., <br><br> Plaintiff, <br><br> v. <br><br> SCMC, LLC d/b/a Seneca SCMC, LLC, <br><br> Defendant. | **COMPLAINT** <br> **(Jury Trial Demanded)** |

      The Plaintiff Private Solutions, Inc. (PSI) complaining against the Defendant, SCMC, LLC d/b/a Seneca SCMC, LLC (Seneca) alleges as follows:

      1.    PSI is a South Carolina corporation with its principal place of business in Greenwood, South Carolina.

      2.    Seneca is a limited liability company organized under the law of the state of New York with its principal office in Chantilly, Virginia.

      3.    This court has jurisdiction pursuant to 28 U.S.C. §1332 in that the parties are residents of different states and the amount in controversy exceeds $75,000.

      4.    On or about March 15, 2014, PSI and Seneca entered into a contract whereby PSI agreed to provide full security and fraud protection services to Seneca for houses rehabilitated or constructed by Seneca on the Sandy Project in New Jersey (hereinafter, the "Contract").  A copy of the Contract is attached hereto as **Exhibit A** and incorporated by reference.

      5.     PSI devoted time, energy, and resources to the preparation and performance of the Contract.

      6.    The Contract provides for a three year term with possible extensions.

7. Pursuant to the terms of the Contract, PSI was to receive for its services the sum of $5,000 per house with a minimum payment due of $65,000 per month.

8. PSI performed all its obligations as required by the Contract and is ready, willing, and able to continue performing under the Contract.

9. On August 22, 2014, Seneca notified PSI by email that its program as a qualified assigned contractor pursuant to "Pathway C" of the New Jersey Reconstruction, Rehabilitation, Elevation, and Mitigation ("RREM") program was over effective July 1, 2014 and "so is yours."

## FOR A FIRST CAUSE OF ACTION
## (BREACH OF CONTRACT)

10. The allegations of the preceding paragraphs are realleged as if fully repeated herein.

11. Seneca breached the Contract with PSI by terminating the Contract prior to the end of the initial three-year term without just cause or excuse.

12. PSI performed all of its obligations as required by the Contract and is ready, willing, and able to continue to perform under the Contract.

13. PSI is entitled to damages for Seneca's breach in an amount equal to the present day value of its expected payments under the Contract for the three-year term less the costs of performance.

## FOR A SECOND CAUSE OF ACTION
## (BREACH OF CONTRACT ACCOMPANIED BY FRAUD)

14. The allegations of the preceding paragraphs are realleged as if fully repeated herein.

15. Defendant Seneca promised to pay PSI for services in the sum of $5,000 per house with a minimum payment of $65,000 per month.

16. PSI performed all contractual requirements.

17. Seneca informed PSI on August 22, 2014, that the program, as an assigned contractor pursuant to Pathway C of the New Jersey RREM program, was terminated, effective July 1, 2014, and that as a result PSI's contract with Seneca was also terminated.

18. The Contract between PSI and Seneca carried with it an implied covenant of good faith and fair dealing.

19. Seneca breached its obligation and the Contract with PSI by refusing to continue paying per the terms of the Contract.

20. Seneca used Pathway C of the New Jersey RREM Program as a pretextual justification for breaching the Contract with PSI when, in fact, the Contract contained no precondition—in the form of Pathway C or any other specific program—upon which the parties respective obligations were predicated.

21. Seneca's breach was accompanied by dishonesty, unfair dealing, and misrepresentation, including but not limited to, a false pretextual termination and other ways as proven during the trial of this matter.

22. PSI is entitled to actual damages plus punitive damages in the amount sufficient to punish Defendant for its dishonest, unfair, and unjust conduct.

**FOR A THIRD CAUSE OF ACTION**
**(PROMISSORY ESTOPPEL)**

23. The allegations of the preceding paragraphs are realleged as if fully repeated herein.

24. Seneca made an unambiguous promise to pay PSI the sum of $65,000 per month for a three-year term in consideration of security services.

25. PSI relied on Seneca's promise in acting to incur significant costs and expenses, including missed business opportunities deferred, so PSI could perform its obligations under the Contract.

26. As a result of this reliance, PSI has suffered damages in the form of its costs, expenses, and deferred projects.

27. PSI is entitled to judgment against PSI for all its reliance damages.

**WHEREFORE**, having set forth the causes of action, PSI prays for a judgment against Seneca in breach of contract for all actual, consequential, and punitive damages plus reasonable attorney's fees; a judgment for all reliance damages; and for such other relief as the Court deems just and proper.

Respectfully Submitted,

s/Richard A. Harpootlian
Richard A. Harpootlian (Fed. I.D. #1730)
Christopher P. Kenney (Fed. I.D. #11314)
RICHARD A. HARPOOTLIAN, P.A.
1410 Laurel Street
Post Office Box 1040
Columbia, South Carolina 29202
(803) 252-4848
(803) 252-4810 (facsimile)
rah@harpootlianlaw.com
cpk@harpootlianlaw.com

Tobias G. Ward, Jr. (Fed. I.D.# 4520)
Tobias G. Ward, Jr., PA
Post Office Box 6138
Columbia, South Carolina 29260
tw@tobywardlaw.com
803-708-4200
Facsimile: 803-403-8754

Attorneys for the Plaintiff

October 2, 2014