Reuben A. Guttman
rguttman@gbblegal.com
New Jersey Attorney I.D. No. 010111991
GUTTMAN, BUSCHNER & BROOKS PLLC
2000 P. Street N.W., Suite 300
Washington, DC 20036
(202) 800 3001
(202) 827-0041 (facsimile)

Richard A. Harpootlian* (Fed. I.D. # 1730)          Tobias G. Ward, Jr.* (Fed. I.D. # 4520)
rah@harpootlianlaw.com                              tw@tobywardlaw.com
Christopher P. Kenney* (Fed. I.D. # 11314)          TOBIAS G. WARD, JR., PA
cpk@harpootlianlaw.com                              Post Office Box 6138
RICHARD A. HARPOOTLIAN, P.A.                        Columbia, South Carolina 29260
1410 Laurel Street                                  (803) 708-4200
Post Office Box 1040                                (803) 403-8754 (facsimile)
Columbia, South Carolina 29202
(803) 252-4848
(803) 252-4810 (facsimile)

*Admitted *pro hac vice*
ATTORNEY FOR PLAINTIFF PRIVATE SOLUTIONS, INC.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Private Solutions, Inc., <br><br> Plaintiff, <br><br> v. <br><br> SCMC, LLC d/b/a Seneca SCMC, LLC, <br><br> Defendant. | C.A. No. 15-3241 (AET)(TJB) <br><br> (Motion Day: March 21, 2016, 9:00 a.m.) |

**Reply to Defendant's Opposition to Plaintiff's Motion for Leave to Amend**

**TABLE OF CONTENTS**

TABLE OF CONTENTS .................................................................................................. i

TABLE OF AUTHORITIES ........................................................................................... ii

ARGUMENT .................................................................................................................. 1

I.    A motion is timely if it is filed the day after a federal holiday. ......................... 1

II.   The mere passage of time is not a basis for denying a motion to amend under Fed. R. Civ. P. Rule 15(a). ....................................................................................... 2

III.  The proposed amendment sufficiently states a claim under New Jersey law. .................... 3

      a.   The parent-subsidiary structure of Seneca Holdings and SCMC is the relationship for which a veil piercing action is appropriate. ................................................. 4

      b.   Sovereign Immunity ................................................................................. 7

CONCLUSION ............................................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**

Adams v. Gould Inc., 739 F.2d 858 (3d Cir. 1984) ........................................................................ 2

Bailey v. United Airlines, 279 F.3d 194 (3d Cir. 2002) ................................................................. 1

Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino & Resort, 629 F.3d 1173 (10th Cir. 2010) ........................................................................................................................................... 7

Greenberg v. United States, 873 F. Supp. 912 (M.D. Pa. 1993) aff'd, 46 F.3d 239 (3d Cir. 1994) 1

Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463 (D.N.J. 1990) ................... 3, 4

Jurista v. Amerinox Processing, Inc., 492 B.R. 707 (D.N.J. 2013) ............................................... 4

Kuibyshevnefteorgsynthez v. Model, No. 93-4919, 1995 WL 66371 (D.N.J. Feb. 6, 1995)......... 7

Pearson v. Component Tech. Corp., 247 F.3d 471 (3d Cir. 2001) ............................................ 4, 5

Somerlott v. Cherokee Nation Distributors, Inc., 686 F.3d 1144 (10th Cir. 2012) ....................... 8

State Dep't of Envtl. Prot. v. Ventron Corp., 94 N.J. 473 (1983) .............................................. 5, 6

The Mall at IV Grp. Properties, LLC v. Roberts, No. CIV.A. 02-4692(WHW), 2005 WL 3338369 (D.N.J. Dec. 8, 2005) ........................................................................................... 6

Uniband, Inc. v. C.I.R., 140 T.C. 230 (2013) ............................................................................... 8

United States v. Bestfoods, 524 U.S. 51 (1998) ........................................................................... 6

**Statutes**

Fed. R. Civ. P. 15 .......................................................................................................................... 2

Fed. R. Civ. P. 6 ............................................................................................................................ 1

Pursuant to Local Rule 7.1(d), Plaintiff Private Solutions, Inc. (PSI) submits this reply to Defendant's brief in opposition to Plaintiff's motion to amend its Complaint.

## ARGUMENT

**I.      A motion is timely if it is filed the day after a federal holiday.**

Defendant incorrectly asserts that Plaintiff's motion was not timely filed and should therefore be subject to the higher "good cause" standard of Rule 16(b) of the Federal Rules of Civil Procedure. Because February 15, 2015 was a federal holiday, Plaintiff's motion was timely filed and is subject only to the standards of Rule 15(a).

The Third Circuit has encounter this situation before and determined that when a deadline to file a motion falls on a legal holiday, the motion is timely if it is filed the next business day. Bailey v. United Airlines, 279 F.3d 194, 203 (3d Cir. 2002). The Court of Appeals in Bailey examined an essentially identical factual scenario in which the deadline for filing dispositive motions fell on Columbus Day and the defendants filed their motion for summary judgment the very next day. The district court found that the motion was timely and the Court of Appeals agreed, noting that the rule is "consistent with this court's recognition that 'broad discretion should be accorded district courts in the management of their calendars.'" Id. (citing Titus v. Mercedes Benz of North America, 695 F.2d 746, 751 (3d Cir.)); see also Greenberg v. United States, 873 F. Supp. 912, 914 n.1 (M.D. Pa. 1993) (motion filed one day after deadline in scheduling order was timely because the deadline fell on a holiday).

The operative scheduling order in this matter was entered by this Court on January 7, 2016. Dkt. No. 49. Pursuant to that order, the deadline to file motions to amend the pleadings was February 15, 2016, Washington's Birthday and a legal holiday. See Fed. R. Civ. P. 6(a)(6); see also D.N.J. 2016 Motion Days, http://www.njd.uscourts.gov/sites/njd/files/MotionDays2016.pdf.

1

Plaintiff filed its motion to amend on February 16, 2016, the next business day, thus making it timely filed. Because Plaintiff's motion was timely filed it is subject only to the liberal standard set by Rule 15(a)(2). While Defendant expends considerable effort analyzing Plaintiff's motion under the standards of Fed. R. Civ. P. 16(b), that rule simply does not apply to a timely filed motion to amend.

## II.   The mere passage of time is not a basis for denying a motion to amend under Fed. R. Civ. P. Rule 15(a).

When considering a motion to amend under Rule 15(a) "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Defendant's brief asserts the instant motion does not meet the Rule 15 standard either because, "[n]ine months is considerable delay[.]" Def. Br. at 7. This argument should be rejected because "[t]he passage of time, without more, does not require that a motion to amend a complaint be denied[.]" Adams v. Gould Inc., 739 F.2d 858, 868 (3d Cir. 1984). Instead, the Court's analysis should focus on whether the delay was undue, thus imposing a burden upon the court, and whether the delay was prejudicial, thus imposing a burden upon the opposing party. Id. "The question of undue delay, as well as the question of bad faith, requires that [the court] focus on the plaintiffs' motives for not amending their complaint to assert this claim earlier; the issue of prejudice requires that we focus on the effect on the defendants." Id.

Here, Plaintiff sought leave to amend within the time set by the Court's Scheduling Order. The purpose of this amendment is to join a party in interest, Seneca Holdings, LLC (Seneca Holdings). While this matter has been pending since October 2014, for much of that time, this action was stayed as a result of a transfer of venue order transferring this case out of the District of South Carolina and a fruitless mediation. See Dkt. Nos. 29 & 44. There has been only modest discovery conducted to date.

Based on this modest discovery, including the deposition of a SCMC corporate

2

representative (see Dkt. No. 43 (seeking sanctions for failing to produce a proper corporate witness)), PSI believes SCMC is an underfunded shell corporation dominated by its parent company, Seneca Holdings. Plaintiff's proposed amendment joining a veil piercing claim against Seneca Holdings will not disadvantage SCMC or deprive it an opportunity to present its case, but rather seeks to ensure that any judgment obtained against SCMC is not frustrated by a corporate structure designed to create a sham defendant. SCMC's ability to litigate this matter will not be hindered in any way. See Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 468 (D.N.J. 1990) ("[I]ncidental prejudice to the opponent is not a sufficient basis for denial of an amendment; such prejudice becomes undue when the opponent shows it would be unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered." (internal citations and quotations omitted)).

Because Plaintiff's timely motion to amend does not impose any undue burden on the Court's ability to resolve this matter or upon the Defendants' ability to litigate this matter, the instant motion should be granted.

## III.    The proposed amendment sufficiently states a claim under New Jersey law.

A court may properly deny a motion to amend under Rule 15(a) where the amendment advances a claim that is legally insufficient, however "[i]f a proposed amendment is not clearly futile, then denial of leave to amend is improper." Harrison, 133 F.R.D. at 468 (D.N.J. 1990) (citing Massarsky v. General Motors Corp., 706 F.2d 111, 125 (3d Cir.), cert. denied, 464 U.S. 937, 104 S.Ct. 348 (1983)) (quoting 6 Wright, Miller & Kane, Federal Practice & Procedure § 1487 at 637–642 (2d ed. 1990)). The only new claim joined by the proposed amendment is a veil piercing claim against SCMC. See Dkt. No. 53-2. PSI's proposed amendment seeks to join legally cognizable claims and should be granted.

3

SCMC improperly seeks to have the Court resolve the entirety of this dispute in the context of a motion to amend. The viability of existing claims is irrelevant to the Court's analysis under Rule 15(a), as the futility analysis concerns only whether the amendment is sufficiently plausible to present a triable issue. Thus, the only issue before the Court in the present matter is whether the Proposed Amended Complaint sufficiently states a claim for piercing the corporate veil against SCMC. "This does not require the parties to engage in the equivalent of substantive motion practice upon the proposed *new* claim or defense; this does require, however, that the *newly asserted* [claim] appear to be sufficiently well-grounded in fact or law that it is not a frivolous pursuit." See Harrison, 133 F.R.D. at 468-9 (emphasis added). Defendant's argument that this Court should strike existing claims from Plaintiff's pleading while deciding a motion to amend is misplaced as it should properly be made pursuant to a Rule 12 motion made *after* this motion is granted.

a.   **The parent-subsidiary structure of Seneca Holdings and SCMC is the relationship for which a veil piercing action is appropriate.**

The purpose of corporate liability protection is to allow shareholders to retain an ownership interest in a corporation without fear of liability for the actions of the corporation. This underlying principle applies equally to individual shareholders and to corporate shareholders in a parent-subsidiary relationship. For this reason, the parent-subsidiary relationship alone is insufficient to impose liability upon the parent corporation. Pearson v. Component Tech. Corp., 247 F.3d 471, 484 (3d Cir. 2001). However, in some instances it is necessary to disregard the protections of the corporate shell in order to remedy "the 'fundamental unfairness that will result from a failure to disregard the corporate form.'" Jurista v. Amerinox Processing, Inc., 492 B.R. 707, 768 (D.N.J. 2013) (quoting Trustees of Nat. Elevator Indus. Pension, Health Benefit & Educ. Funds v. Lutyk, 332 F.3d 188, 193 n. 6 (3d Cir. 2003)). The factual allegations in Plaintiff's proposed amendment describe the very unfairness for which this equitable remedy exists, an underfunded puppet

4

corporation that generates income for its parent, but leaves contracting partners with no recourse for its tortious conduct when they later discover that the puppet is insufficiently capitalized, and essentially judgment-proof.

Under New Jersey law, an action to pierce the corporate veil requires two elements (1) "that the parent so dominated the subsidiary that it had no separate existence but was merely a conduit for the parent [,]" and (2) that "the parent has abused the privilege of incorporation by using the subsidiary to perpetrate a fraud or injustice, or otherwise to circumvent the law." State Dep't of Envtl. Prot. v. Ventron Corp., 94 N.J. 473, 501 (1983). To determine whether a court should pierce the corporate veil, the court must be guided by various factors endorsed by the Third Circuit:

> (1) Gross undercapitalization of the corporation; (2) failure to observe corporate formalities; (3) nonpayment of dividends; (4) insolvency of a debtor corporation; (5) siphoning of funds from the debtor corporation by the dominant stockholder; (6) nonfunctioning of corporate officers and directors; (7) absence of corporate funds; and (8) whether the corporation is merely a facade for the operations of the dominant stockholder.

Pearson, 247 F.3d at 484–85 (citing Jurista, 492 B.R. at 768 (D.N.J. 2013)). This analysis turns on a fact-intensive inquiry that can only be made *after* Seneca Holdings is properly joined.

Contrary to Defendant's assertion, Plaintiff's proposed amendment details factual allegation which create a cognizable cause of action to pierce SCMC's corporate veil. For example, the Proposed Amended Complaint alleges that SCMC was capitalized only to the extent necessary to maintain short-term operations and used the financial strength of Seneca Holdings as an inducement when pursuing business in the State of New Jersey. Dkt. No. 53-2, ¶¶ 14-15, 37. Additionally, the proposed amendment alleges that SCMC's day-to-day operations were managed

by Seneca Holdings, and that SCMC's leadership took its direction from Seneca Holdings.[1] Id. ¶¶ 11-12, 38. Thus, "[SCMC] failed to observe corporate formalities in its operations, as the ultimate decision making authority for the subsidiary was its parent company, Seneca Holdings." Id. ¶ 13. These allegations, if proven, support the conclusion SCMC was merely an underfunded conduit through which Seneca Holdings conducted its business. Cf.  Ventron, 94 N.J. at 501 ("the parent has abused the privilege of incorporation by using the subsidiary to perpetrate a fraud or injustice, or otherwise to circumvent the law.").

Defendant argues Plaintiff's proposed amendment fails to satisfy the elements of fraud in New Jersey. Def. Br. at 16. Defendant's discussion of the law of fraud in New Jersey is irrelevant to the present matter because to state a veil piercing claim "[p]laintiff need not prove common law fraud, however, but rather must meet the less rigid standard of 'fraud, injustice, or the like.'" The Mall at IV Grp. Properties, LLC v. Roberts, No. CIV.A. 02-4692(WHW), 2005 WL 3338369, at *3 (D.N.J. Dec. 8, 2005) (citing Kuibyshevnefteorgsythez v. Model, No. 93-4919, 1995 WL 66371 at *15 (D.N.J. Feb. 6, 1995)). As an equitable doctrine, "injustice or the like" is sufficient to state a claim for veil piercing. Kuibyshevnefteorgsynthez, 1995 WL 66371, at *15. As detailed more fully in Plaintiff's proposed amendment, SCMC entered into a contract with a definite term of three years and a monthly minimum of $65,000. Dkt. No. 53-2 ¶ 8. SCMC subsequently breached

---

[1] It is worth noting here that the Supreme Court case cited by Defendant for the proposition that "[i]t is a well-established principle [of corporate law] that directors and officers holding positions with a parent and its subsidiary can and do 'change hats' to represent the two corporations separately, despite their common ownership[,]" Def. Br. at 14; United States v. Bestfoods, 524 U.S. 51, 69 (1998), cited this principle in the context of a parent's *direct* liability under a federal statute. In drawing a distinction between a parent's direct liability for a subsidiary's actions versus its derivative liability—i.e., veil piercing—the Court notes that "*Control of the subsidiary, if extensive enough, gives rise to indirect liability under piercing doctrine*, not direct liability under the statutory language." Bestfoods, 524 U.S. at 68 (quoting Lynda J. Oswald, Bifurcation of the Owner and Operator Analysis Under CERCLA: Finding Order in the Chaos of Pervasive Control, 72 Wash. U. L.Q. 223, 280 (1994)) (emphasis added).

the contract prior to completion of this term and falsely used the New Jersey building rehabilitation program as a pretextual justification for doing so. Id. ¶¶ 9-10, 25-27. Plaintiff then discovered that SCMC was merely an instrumentality used to shield Seneca Holdings from the "fraud, injustice, or the like" of SCMC. Id. ¶ 40.

        **b.**     **Sovereign Immunity**

Defendant's motion argues Seneca Holdings is entitled to the sovereign immunity of the Seneca Nation of Indians. This assertion is premature. While sovereign immunity *may* extend to subordinates of the tribe, such a finding should be supported (and tested) by a factual record that demonstrates a legally sufficient relation to the tribe. See e.g., Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino & Resort, 629 F.3d 1173, 1183 (10th Cir. 2010); Somerlott v. Cherokee Nation Distributors, Inc., 686 F.3d 1144, 1149 (10th Cir. 2012); Uniband, Inc. v. C.I.R., 140 T.C. 230, 252 (2013). To date, no discovery has been conducted on this issue. It should be considered after Seneca Holdings is properly joined, after sufficient discovery, and after Seneca Holdings has made an appropriate dispositive motion raising the defense.

The Court should not address it at this time.

## CONCLUSION

For these reasons and those set forth above and in Plaintiff's initial motion, this motion should be granted and the Court should permit PSI to amend its complaint and add Seneca Holdings as the true party in interest in this matter.

Respectfully submitted by,

s/_____
Reuben A. Guttman
rguttman@gbblegal.com
New Jersey Attorney I.D. No. 010111991
GUTTMAN, BUSCHNER & BROOKS PLLC
2000 P. Street N.W., Suite 300

7

Washington, DC 20036
(202) 800 3001
(202) 827-0041 (facsimile)

Richard A. Harpootlian* (Fed. I.D. No. 1730)
rah@harpootlianlaw.com
Christopher P. Kenney* (Fed. I.D. No. 11314)
cpk@harpootlianlaw.com
RICHARD A. HARPOOTLIAN, P.A.
1410 Laurel Street
Post Office Box 1040
Columbia, South Carolina 29202
(803) 252-4848
(803) 252-4810 (facsimile)

Tobias G. Ward, Jr.* (Fed. I.D. # 4520)
tw@tobywardlaw.com
TOBIAS G. WARD, JR., PA
Post Office Box 6138
Columbia, South Carolina 29260
(803) 708-4200
(803) 403-8754 (facsimile)

*Admitted *pro hac vice*
ATTORNEYS FOR PLAINTIFF

March 14, 2016.

8