NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PRIVATE SOLUTIONS INC., <br><br> Plaintiff, <br><br> v. <br><br> SCMC, LLC d/b/a SENECA SCMC, LLC, <br><br> Defendant. | Civ. No. 15-3241 <br><br> OPINION |

THOMPSON, U.S.D.J.

### INTRODUCTION

This matter is before the Court upon an appeal of Magistrate Judge Bongiovanni's Memorandum Opinion and Order (ECF No. 63) by Defendant SCMC, LLC ("Defendant"). (ECF No. 70). Plaintiff Private Solutions, Inc. ("Plaintiff") opposes. (ECF No. 71). The Court has decided this appeal based on the written submissions of the parties and without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, Defendant's appeal will be granted in part and denied in part.

### BACKGROUND

This case originated with a contract dispute between two companies. Plaintiff's allegations are as follows: After Superstorm Sandy, the State of New Jersey included Defendant as an approved contractor in the state's Reconstruction, Rehabilitation, Elevation, and Mitigation ("RREM") program. (*See* Pl.'s Compl. at ¶ 10, ECF No. 1). Defendant then entered into a contract with Plaintiff where Plaintiff agreed to provide full security and fraud protection services for the houses Defendant was reconstructing and rehabilitating as part of the RREM

1

program. (*See id.* at ¶ 5). This contract provided for a three-year term, and a minimum payment to Plaintiff of $65,000 per month. (*Id.* at ¶¶ 7-8). Less than six months after entering into the contract, Defendant informed Plaintiff that it was no longer an approved contractor under the RREM program. (*Id.* at ¶ 10). Defendant told Plaintiff that since its work under the program was over, "so is yours." (*Id.*). Plaintiff proceeded to file a complaint against Defendant for breach of contract, breach of contract accompanied by fraud, and promissory estoppel. (ECF No. 1).

Over a year after Plaintiff filed its initial complaint, Plaintiff moved to amend the complaint. (ECF No. 53). Plaintiff stated that it had learned that Seneca Holdings, LLC ("Seneca Holdings") was Defendant's parent company, and that Seneca Holdings controlled Defendant. (ECF No. 53-1 at 3). Plaintiff sought to add Seneca Holdings as a defendant and to add a veil piercing claim to the complaint. (ECF No. 53-2 at 5). Defendant opposed the amendment. (ECF No. 55). Defendant made multiple arguments against the amendment, including: 1) Plaintiff's motion was not timely, 2) Seneca Holdings is immune from suit because it is an arm of the Seneca Nation of Indians, and 3) Plaintiff's veil piercing claim failed to state a claim upon which relief may be granted. (*Id.*).

Magistrate Judge Tonianne J. Bongiovanni granted in part and denied in part Plaintiff's motion to amend. (ECF No. 63). Magistrate Judge Bongiovanni held that: 1) Plaintiff's motion was timely, 2) Seneca Holding's tribal sovereign immunity claim cannot be decided before more discovery is completed, and 3) Plaintiff successfully pled a veil piercing claim. (*Id.*). Pursuant to Magistrate Judge Bongiovanni's Memorandum Opinion and Order, Plaintiff filed an amended complaint that added Seneca Holdings as a defendant and included a veil piercing claim. (ECF No. 65). Defendant appealed Magistrate Judge Bongiovanni's order. (ECF No. 70). This appeal is presently before the Court.

## **LEGAL STANDARDS**

When a district court judge reviews a magistrate judge's decision, the district court judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).  A magistrate judge's factual finding is clearly erroneous when, after considering the entirety of the evidence, the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (citation omitted). A ruling is contrary to law when a magistrate judge "has misinterpreted or misapplied applicable law." *United States ex rel. Bahsen v. Boston Sci. Neuromodulation Corp.*, No. 11-1210, 2015 WL 7720485, at *2 (D.N.J. Nov. 30, 2015) (citing *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998)). "Under the clearly erroneous standard of review, the reviewing court will not reverse the magistrate judge's determination even if the court might have decided the matter differently." *Bowen v. Parking Auth. of City of Camden*, No. 00-5765, 2002 WL 1754493, at *3 (D.N.J. July 30, 2002) (citation omitted). The burden of showing that a ruling is clearly erroneous or contrary to law rests with the party filing the appeal. *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004).

Under Federal Rule of Civil Procedure 15(a), leave to amend the pleadings is generally given freely. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000).  Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Foman*, 371 U.S. at 182.

## ANALYSIS

Defendant requests that this Court reverse Magistrate Judge Bongiovanni's order such that Plaintiff's motion to amend is denied in its entirety. (Def.'s Br. at 1, ECF No. 70-1). Defendant specifically appeals Magistrate Judge Bongiovanni's determination that Plaintiff successfully pled a veil piercing claim against Seneca Holdings. (*Id.*). Defendant also incorporates its previous tribal sovereign immunity argument by reference. (*Id.* at 7). The Court will begin by examining Plaintiff's veil piercing claim.

### I. Piercing the Corporate Veil

In New Jersey, a plaintiff must plead two elements to state a claim for piercing the corporate veil. A plaintiff must show that: "(1) one corporation is organized and operated as to make it a mere instrumentality of another corporation, and (2) the dominant corporation is using the subservient corporation to perpetrate fraud, to accomplish injustice, or to circumvent the law." *Bd. of Trustees of Teamsters Local 863 Pension Fund v. Foodtown, Inc.*, 296 F.3d 164, 171 (3d Cir. 2002). If the veil is pierced, the dominant corporation can be held liable for wrongdoing committed by the subservient corporation. *See Craig v. Lake Asbestos of Quebec, Ltd.*, 843 F.2d 145, 149 (3d Cir. 1988). Under the first prong, one corporation must completely dominate the other, such that the subservient corporation has "no separate mind, will or existence of its own." *Id.* at 150 (citation omitted). Factors that favor piercing the corporate veil include:

> gross undercapitalization . . . 'failure to observe corporate formalities, non-payment of dividends, the insolvency of the debtor corporation at the time, siphoning of funds of the corporation by the dominant stockholder, non-functioning of other officers or directors, absence of corporate records, and the fact that the corporation is merely a facade for the operations of the dominant stockholder or stockholders.'

*Id.* (quoting *Am. Bell Inc. v. Fed'n of Tel. Workers*, 736 F.2d 879, 886 (3d Cir. 1984)).

Plaintiff has satisfied the first element. As Magistrate Judge Bongiovanni concluded, Plaintiff makes specific factual allegations that, "if proven, support the conclusion that

[Defendant] was merely an underfunded conduit through which Seneca Holdings conducted its business." (Op. at 14-15, ECF No. 63). Contrary to Defendant's assertions, Plaintiff's allegations are not merely legal conclusions. (Def.'s Br. at 4, ECF No. 70-1). Plaintiff alleges that: Defendant's president reported directly to and took direction from Seneca Holding's president, Seneca Holdings managed the day-to-day operations of Defendant, Defendant failed to observe corporate formalities, and Defendant was capitalized only to the extent necessary to maintain short-term operations. (Pl.'s Proposed Am. Compl. at ¶¶ 11-15, ECF No. 53-2). These factual allegations provide a sufficient basis for Plaintiff to plead that Defendant was a mere instrumentality of Seneca Holdings.

The second prong of the veil piercing analysis requires that the dominant corporation has used the subservient corporation "to perpetrate fraud, to accomplish injustice, or to circumvent the law." *Teamsters Local 863 Pension Fund*, 296 F.3d at 171. Magistrate Judge Bongiovanni concluded that Plaintiff met the second prong by alleging that: 1) Defendant breached its contract with Plaintiff and used the RREM program as a pretext for the breach, and 2) Defendant was a mere instrumentality of Seneca Holdings that was used to shield Seneca Holdings from liability for Defendant's actions. (Op. at 15, ECF No. 63). However, Plaintiff fails to allege that the dominant corporation, Seneca Holdings, took any fraudulent or unjust actions. Plaintiff only alleges that the subservient corporation, Defendant, breached the contract. A veil piercing claim must allege that the dominant corporation was the one "to perpetrate fraud, to accomplish injustice, or to circumvent the law." *Bd. of Trustees of Teamsters Local 863 Pension Fund*, 296 F.3d at 171. Plaintiff does allege that Seneca Holdings used Defendant to avoid liability, but "evasion of tort liability has never, in itself, been sufficient basis to disregard corporate separateness." *Craig*, 843 at 150. Therefore, this sole allegation is insufficient to satisfy the second element. As the New Jersey Supreme Court has observed, the insulation from liability is

5

"a primary reason for incorporation." *State, Dep't of Envtl. Prot. v. Ventron Corp.*, 468 A.2d 150, 164 (N.J. 1983). If evasion of liability were sufficient to satisfy the second prong of the veil piercing analysis, the veil could be pierced in "virtually every case." *The Mall at IV Grp. Properties, LLC v. Roberts*, No. 02-4692, 2005 WL 3338369, at *3 (D.N.J. Dec. 8, 2005).

Therefore, Plaintiff has failed to plead a required element of its veil piercing claim in its proposed amended complaint, and adding the amended count would be consequently futile. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Magistrate Judge Bongiovanni's holding that the amendment was not futile must therefore be reversed as contrary to law. Fed. R. Civ. P. 72(a).

Since Plaintiff's veil piercing claim is futile, and there are no other allegations against Seneca Holdings in the proposed amended complaint, Seneca Holdings cannot be added as a defendant. The proposed amended complaint differed from the original complaint only insofar as it included Seneca Holdings as a defendant, and added the veil piercing claim. Therefore, Magistrate Judge Bongiovanni's Opinion and Order must be reversed to the extent that it permitted Plaintiff to file its amended complaint.

## II.     Tribal Sovereign Immunity

The Court will briefly address Defendant's second argument. Defendant argues that Seneca Holdings is immune to suit because it is an arm of the Seneca Nation of Indians. (ECF No. 55 at 7). Magistrate Judge Bongiovanni held that Seneca Holdings' purported tribal sovereign immunity did not render Plaintiff's proposed amended complaint futile because more discovery was required to determine whether Seneca Holdings is an arm of the Seneca Nation of Indians. (Op. at 10, ECF No. 63).

The Court will affirm Magistrate Judge Bongiovanni on this point. The Third Circuit does not have a test for determining whether an organization is an arm of a tribe for sovereign

immunity purposes.  However, courts that have considered the question look to multiple factors that would be infeasible to consider when reviewing a motion to amend.  For example, the Tenth Circuit examines how the organization was created, its purpose, its structure, ownership and management, whether the tribe intended the organization to have tribal sovereign immunity, and whether the purposes of tribal sovereign immunity would be furthered by granting immunity to the organization.  *Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1191 (10th Cir. 2010).  The Ninth Circuit has examined how the organization was created, the organization's management, who benefits economically from the organization, and who performs the shareholder functions of the organization.  *Cook v. AVI Casino Enterprises, Inc.*, 548 F.3d 718, 726 (9th Cir. 2008).  These types of inquiries are intensely fact-specific, and inappropriate to resolve on a motion to amend.  *See Spear v. Fenkell*, No. 13-02391, 2015 WL 1649981, at *2 (E.D. Pa. Apr. 13, 2015) (noting a motion to amend is not an appropriate vehicle for fact-specific findings).  Therefore, Magistrate Judge Bongiovanni was correct to hold that Seneca Holdings cannot be found to be immune from suit at this early juncture.

## CONCLUSION

For the reasons discussed above, Magistrate Judge Bongiovanni's Opinion and Order will be affirmed in part and reversed in part.  An appropriate order will follow.

        */s/ Anne E. Thompson*
        ANNE E. THOMPSON, U.S.D.J.

Date: July 6, 2016