NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PRIVATE SOLUTIONS INC., <br><br> Plaintiff, <br><br> v. <br><br> SCMC, LLC d/b/a SENECA SCMC, LLC, <br><br> Defendant. | Civ. No. 15-3241 <br><br> **OPINION** |

THOMPSON, U.S.D.J.

**INTRODUCTION**

This matter is before the Court upon a motion for partial summary judgment by Plaintiff Private Solutions, Inc. ("Plaintiff").  (ECF No. 83, Sept. 14, 2016).  Defendant SCMC, LLC, doing business as Seneca SCMC, LLC, ("Defendant")[1] opposed and cross-moved for a stay pending arbitration.  (ECF No. 85, Brief, Oct. 4, 2016; ECF No. 84, Attachments, Oct. 3, 2016).  Plaintiff replied, opposed the cross-motion, and moved to strike the two affidavits attached to Defendant's opposition.  (ECF No. 86, Oct. 11, 2016).  The Court heard oral argument on these motions on November 30, 2016 and was assured that the parties were prepared to settle.  For that reason, the Court declined to issue formal judgment on these motions until this date.  Now that settlement negotiations are at an impasse, the Court will rule on the pending motions based on the written submissions of the parties and oral argument held on November 30, 2016.

---

[1] Defendant Seneca Holdings, LLC, the alleged parent company of SCMC, LLC, was joined to this lawsuit in the Amended Complaint.  (ECF No. 65).  Based on the attorneys listed on the opposition, Seneca Holdings appears to have jointly filed the opposition with SCMC, though Seneca Holdings' participation was never stated.

On November 30, 2016, Defendant withdrew the motion for arbitration and Plaintiff stated that if Defendant thought the motion to strike was premature, Plaintiff was "happy with a denial." Therefore, as stated on the record on November 30, the Court will consider the motion to compel arbitration withdrawn, the motion to strike will be denied, and the motion for partial summary judgment will be denied.

## BACKGROUND

This case originated with a contract dispute between two companies. After Hurricane Sandy, the State of New Jersey created the Reconstruction, Rehabilitation, Elevation, and Mitigation ("RREM") program. (Pl.'s Statement of Undisputed Material Facts ("Pl.'s Statement") ¶ 5, ECF No. 83-2; Def.'s Response to Pl.'s Statement of Undisputed Material Facts ("Def.'s Response") ¶ 5, ECF No. 84-4). The RREM program had three "pathways:" Pathway A allowed homeowners to be reimbursed for post-Sandy rebuilding that was already completed; Pathway B allowed homeowners to pick their own contractors and be reimbursed; and Pathway C had RREM assign a contractor from a pre-approved list to complete necessary repairs. (*Id.*).

Defendant SCMC was a pre-approved contractor for Pathway C. (Pl.'s Statement ¶ 9, ECF No. 83-2; Def.'s Response ¶ 9, ECF No. 84-4). In March, 2014, Defendant SCMC entered into a contract with Plaintiff in which SCMC would pay Plaintiff to provide security and fraud protection services for the houses SCMC was reconstructing and rehabilitating as part of the RREM program. (Pl.'s Statement ¶ 2, ECF No. 83-2; Def.'s Response ¶ 2, ECF No. 84-4 (other aspects disputed)). The parties dispute whether the contract contemplated only houses referred to Defendant via Pathway C, or any houses Defendant worked on pursuant to the RREM program. (Pl.'s Statement ¶ 4, ECF No. 83-2; Def.'s Response ¶ 4, ECF No. 84-4). Furthermore, the parties dispute the amount that was to be paid and how long the contract continued for. (Pl.'s Statement ¶¶ 2-3, ECF No. 83-2; Def.'s Response ¶¶ 2-3, ECF No. 84-4).

In July 2014, Pathway C was phased out and any homeowners who had not selected a pathway as of July 1, 2014 had to select their own general contractor through Pathway B. (Pl.'s Statement ¶ 10, ECF No. 83-2; Def.'s Response ¶ 10, ECF No. 84-4). RREM was not shut down in its entirety; the Pathway C option was simply discontinued. (Pl.'s Statement ¶ 12, ECF No. 83-2; Def.'s Response ¶ 12, ECF No. 84-4; *see* DCA Advisory Bulletin 14-RREM-09, ECF No. 83, Exhibit G). Homeowners who had already selected Pathway C could continue in Pathway C and homeowners who had not selected a pathway were provided with a list of Pathway C pre-qualified contractors to assist them in finding a qualified contractor to pick under Pathway B. (Pl.'s Statement ¶¶ 11, 13, ECF No. 83-2; Def.'s Response ¶¶ 11, 13, ECF No. 84-4).

In July 2014, Defendant SCMC was a Pathway C-approved contractor who had a number of homes assigned to it and who was eligible to be listed for homeowners seeking to pursue Pathway B. (Pl.'s Statement ¶¶ 14, 13, ECF No. 83-2; Def.'s Response ¶¶ 14, 13, ECF No. 84-4).

Defendant attempted to terminate the contract in August 2014. (ECF No. 83-7, Exhibit C). Defendant asserted impossibility and frustration of purpose as affirmative defenses for its termination. (Answer ¶ 33, ECF No. 6). Plaintiff argues it should be granted summary judgment as to Defendant's impossibility and frustration of purpose affirmative defenses. (Pl.'s Brief, at 18, ECF No. 83-1). This motion is presently before the Court.

## LEGAL STANDARD

Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute is "genuine" if it could lead a "reasonable jury [to] return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A fact is "material" if it will "affect the outcome of the suit

3

under the governing law." *Id.* When deciding the existence of a genuine dispute of material fact, a court's role is not to weigh the evidence; all reasonable "inferences, doubts, and issues of credibility should be resolved against the moving party." *Meyer v. Riegel Prods. Corp.,* 720 F.2d 303, 307 n.2 (3d Cir. 1983). In resolving a motion for summary judgment, a district court considers the facts drawn from "the pleadings, the discovery and disclosure materials, and any affidavits." *Curley v. Klem*, 298 F.3d 271, 276-77 (3d Cir. 2002) (internal quotations omitted). The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986). More precisely, summary judgment should be granted if the evidence available would not support a jury verdict in favor of the nonmoving party. *Id.* at 248-49. The Court must grant summary judgment against any party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

## DISCUSSION

Plaintiff seeks summary judgment as to Defendant's affirmative defenses of impossibility of performance and frustration of purpose. (Pl.'s Br. at 1, ECF No. 83-1). The facts at issue are whether the contract was predicated on: 1) Defendant's pre-approved status on Pathway C, and 2) the continuation of the Pathway C program. Defendant treats the minimum payment schemes delineated in the contract as evidence of impossibility and frustration of purpose.

Impossibility or impracticality of performance exist where an event—unforeseen by either party—renders a contract truly impossible to perform or so difficult as to make impracticable. "The essence of the principle is that a party's performance under a contract is rendered impracticable by the occurrence of an event the non-occurrence of which was a basic

assumption on which the contract was made." *M.J. Paquet, Inc. v. New Jersey Dep't of Transp.*, 171 N.J. 378, 391 (2002) (citing *Restatement (Second) of Contracts* § 261). However, impossibility and impracticability are not defenses where the difficulty is the personal inability of the promisor to perform. *Connell v. Parlavecchio*, 255 N.J. Super. 45, 49-50 (N.J. Super A.D. 1992) (cited in Def.'s Opp'n Br. at 18, ECF No. 85). A court must determine whether the continued existence of some essential condition was so fundamental to the agreement that the very basis of the contract ceases to exist in its absence. *JB Pool Mgmt., LLC v. Four Seasons at Smithville Homeowners Ass'n, Inc.*, 431 N.J. Super. 233, 246 (App. Div. 2013) (citing Pl.'s Brief at 14, ECF No. 83-1).

Frustration of purpose exists where an unforeseen event does not make performance truly impossible, but does fundamentally change the nature of the bargain. *JB Pool Mgmt.*, 431 N.J. Super. at 246. It applies when the parties' "common object" has been frustrated, or the "vital and fundamental purpose of the contracting parties" destroyed, as when a party contracts to rent a room to observe the King's coronation parade, and the parade is cancelled. *Id.* (citing *Edwards v. Leopoldi*, 20 N.J. Super. 43, 55 (App. Div. 1952)).

In this case, the parties dispute whether the contract was predicated on SCMC's pre-approved status under and regular business from Pathway C, or applied to any business SCMC obtained through any Pathway under the RREM program. (Pl.'s Statement ¶ 4, ECF No. 83-2; Def.'s Response ¶ 4, ECF No. 84-4).

Pursuant to *Meyer*, the Court must construe all doubts against Plaintiff, the moving party. Thus, the Court considers the outcome if, as Defendant contends, the Agreement was predicated on a mutual understanding that the term "Sandy Project" included only SCMC's business obtained through Pathway C. In that case, Defendant still had some houses assigned to it under Pathway C that it could have proceeded with and for which Defendant would have needed

5

Plaintiff's security services.  Defendant argues that the payment scheme—which sets a $65,000 payment per month from Defendant to Plaintiff—"makes no sense" without the continuation of Pathway C referrals and thus Defendant has viable frustration of purpose and impossibility of performance defenses.  Plaintiff argues that SCMC's 30(b)(6) deponent testified that Defendant was still an approved contractor under the Pathway C and broader RREM program and left the project voluntarily because of its financial interests.  (ECF No. 83-1 at 12 (citing Jackson Dep., ECF No. 83-8, Ex. D)).  Jackson stated that SCMC was not getting paid for services rendered and they had to "start getting paid… [or] get out of here because this is not a good business proposition for us."  (Jackson Dep. 75:17-76:6, ECF No. 83-8, Ex. D).  The Court finds that a reasonable jury could find that SCMC's financial concerns reached the level of making it impossible for SCMC to continue with the project and perform its obligations under the Agreement.  If true, and SCMC were forced to withdraw from the project, that would also frustrate the purpose of the Agreement.

Thus, there is at least a genuine dispute of material fact about whether SCMC was forced to withdraw or simply had a "personal inability" to perform, and whether the parties' agreement only contemplated Pathway C work or all RREM work.  Therefore, Plaintiff's summary judgment motion is denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for partial summary judgment will be denied, Defendant's motion for a stay pending arbitration will be denied, and Plaintiff's motion to strike will be denied.  An appropriate order will follow.

**Date:**  *1/20/17*                                                  */s/ Anne E. Thompson*
                                                                                           ANNE E. THOMPSON, U.S.D.J.